James P. MITCHELL, Secretary of Labor, United States Department of Labor, Plaintiff,

v.

BLACK HILLS MERCANTILE COMPANY, a Corporation, Defendant.

Civ. No. 471–W.D.

United States District Court
D. South Dakota, W. D.

Sept. 13, 1954.

William C. Cull, Acting Regional Atty., U. S. Department of Labor, Kansas City, Mo., for plaintiff.

Francis J. Parker, Deadwood, S. D., for defendant.

MICKELSON, District Judge.

Plaintiff brings this action to enjoin defendant from violating the provisions of Section 15(a) (1), (2) and (5), of the Fair Labor Standards Act of 1938, as amended by the Fair Labor Standards Amendment of 1949, 29 U.S.C.A. § 201 et seq.

The defendant is a small wholesale grocery company operating at Deadwood, South Dakota, which started in 1919 with two employees and presently employs twenty-one people.

While the evidence discloses some mior violations of the Fair Labor Standards Act, particularly in the early years after the act became effective, such violations were of an exceedingly minor nature and the Court is satisfied that they were committed through ignorance and not as intentional violations.

As announced by the Court at the close of the evidence the only point upon which the Court was in doubt as to whether or not the injunction asked by plaintiff should be granted was whether or not the bonuses or gratuities paid by defendant to certain of its employees would constitute a part of the "regular rate" of pay and which should be considered in computing overtime.

Counsel have furnished exhaustive briefs and the Court has considered these briefs and the authorities cited very carefully. None of the cases cited involve facts too similar to the facts in this case. The case in which the facts most clearly compare to the facts in the instant case is the case of Walling v. Frank Adam Electric Co., 8 Cir., 1947, 163 F.2d 277. In that case Chief Judge Gardner in the opinion affirming the decision of the District Court of the United States for the Eastern District of Missouri, 66 F.Supp. 811, distinguishes the facts in that case from the facts in the cases relied upon by the Secretary of Labor, and which are

the same cases, for the most part, cited by the plaintiff in the instant case.

In the present case the defendant has, in fact, paid bonuses or gratuities to certain of its employees and in varying amounts almost from the time of its organization, with the exception that during the depression years no bonuses were paid. The fact that bonuses were paid long before the enactment of the Fair Labor Standards Act clearly indicates no disposition on the part of the defendant to circumvent the Act. It is also significant to note that the first time that plaintiff took the position regarding such bonuses as is here made was in the year 1952, and that plaintiff's investigators had on several occasions inspected and investigated defendant's operations for the purpose of determining whether it was complying with the provisions of the Fair Labor Standards Act.

These bonuses were declared and paid annually to certain of the employees by action of the board of directors near the end of the year or during the forepart of the following year in which the employees' services had been rendered; there was no contract or agreement at the time of the employment, nor at any other time, between the employer and employee for the payment of any bonus; there is nothing in the record to show that such bonuses were declared and paid upon any formula or as any incentive to greater efforts on the part of the employees. All of the employees who were called as witnesses testified that never, at any time, was the matter of a bonus mentioned as any part of their contract of employment; that they worked for the defendant for the hourly wage or salary agreed upon; that they were satisfied with such wages or salary and that whether or not they received a bonus in no manner affected their employment or their efforts in their work. There is nothing in the record to show that the wages and salaries paid by the defendant to its employees did not compare favorably with wages and salaries paid for similar types of employment in this area.

These bonuses were paid, under the undisputed evidence, solely at the discretion of the employer; the amount, if any, was determined by the employer; the employee had no contract right, express or implied, to any amount; they were nothing more than a sharing of the profits by this small, home-owned wholesale grocery company, operating in this small community where the stockholders, officers and employees were all friends and neighbors. Counsel for plaintiff claim that because these bonuses or gratuities were, in fact, paid with some regularity each year that this amounted to an implied contract that such bonuses would be paid. There is absolutely no evidence in this case to sustain such a view. In fact, the evidence is undisputed to the contrary.

Considerable reliance is placed by plaintiff's counsel in their brief upon the fact that the bonuses paid were, in certain instances, in a substantial amount and amounted to a high percentage of their regular base pay. The Court has found no authority, and none has been cited, where the amount of the bonuses or gratuities paid were considered in determining whether or not they should be included as part of the "regular rate" under the Fair Labor Standards Act.

In the instant case the parties had agreed upon the basic wages and there was never any contract, agreement, plan or arrangement for the payment of a bonus; it was not held out as an inducement or incentive, but as has been pointed out, it was voted by the board of directors and paid after and when the period covered had wholly expired in most instances, and in all others had substantially done so.

The facts in this case distinguish it from any of the cases relied upon by plaintiff and brings it more nearly within the decision in the case of Walling v. Frank Adam Electric Co., supra.

The injunction prayed for by plaintiff will be denied and the action will be dismissed upon its merits.

Counsel for defendant may prepare and submit to the Court and to plaintiff's counsel findings of fact, conclusions of law and judgment in accordance with this opinion. Also, under the authority of Walling v. Frank Adam Electric Co., supra, no costs will be taxed against plaintiff.

I am herewith returning to counsel the briefs submitted.